**The below described is SIGNED.**

**Dated: March 28, 2011** _____
**JOEL T. MARKER
U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 10-23318 |
| Donald and Monica Biorge, | Chapter 13 |
| Debtors. | Judge Joel T. Marker |

### MEMORANDUM DECISION

The Debtors, Donald and Monica Biorge, seek sanctions against Shorty's Paving, L.L.C. ("Shorty's Paving") for its continued violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(1) and (6).[1] The Court conducted a hearing on the Debtors' Motion for Sanctions on March 10, 2011. After considering the evidence properly before the Court, considering the arguments of counsel, and conducting an independent review of applicable law, the Court issues the following Memorandum Decision.[2]

---

[1] All future statutory references are to title 11 of the United States Code unless otherwise indicated.

[2] This Memorandum Decision constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 9014 and 7052. Any of the findings of fact herein are also deemed to be conclusions of law and conclusions of law herein are also deemed to be findings of fact and shall be equally binding as both.

## I. FACTS

The Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 19, 2010. Shorty's Paving had previously filed a lawsuit against Biorge Excavating, L.L.C., a wholly-owned limited liability company of the Debtors, on August 3, 2009 in the Second Judicial District Court in Ogden. On their bankruptcy petition, the Debtors identified Biorge Excavating, L.L.C. ("Biorge Excavating"), as an assumed name, or *dba*, of Donald Biorge, but the company was not recorded as such with the State of Utah. On the contrary, Biorge Excavating is registered with the State of Utah as a recognizable legal entity, separate and apart from the Debtors.

The Debtors filed a Notice of Filing of a Chapter 13 Bankruptcy Case with the Second District Court on August 4, 2010. Despite the notice from the Debtors, Shorty's Paving filed a Certificate of Readiness for Trial on October 26, 2010. The Second District Court scheduled a telephone conference on December 13, 2010 and set the case for a one-day bench trial on March 14, 2011. The Debtors claim that, by moving the court case against Biorge Excavating forward, Shorty's Paving is in violation of the automatic stay in favor of the Debtors under § 362. The Debtors are now seeking sanctions against Shorty's Paving for its collection efforts of the pre-petition debt that the Debtors claim falls under the protection of the automatic stay.

## II. DISCUSSION

Section 362(k)(1) states that "an individual injured by any willful violation of a stay" is entitled to recover damages. The first question the Court must answer is whether the automatic stay imposed by § 362(a) to protect the Debtors in their individual Chapter 13 bankruptcy also extends to protect Biorge Excavating. It is only after a finding that the stay applies to the non-debtor entity that the Court needs to decide whether sanctions are appropriate.

The Debtors claim that Shorty's Paving is violating § 362(a)(1) and (6) by continuing with a judicial proceeding against the Debtors after the Debtors filed a Chapter 13 bankruptcy case. However, subsection (a)(1) is generally only available to a debtor and not to third-party defendants or co-defendants.[3] The Debtors submit that Biorge Excavating is a *dba* of the Debtors and is, therefore, part of the same Chapter 13 bankruptcy case. The Debtors point to the fact that they included the assets and debts of the company in their schedules as evidence that the company is somehow part of their individual bankruptcy. That is not the case. "It is a fundamental precept of corporate law that each corporation is a separate legal entity with its own debts and assets, even when such corporation is wholly owned by another entity."[4] Biorge Excavating is an entity separate and distinct from the Debtors. The company is not a *dba* of the Debtors; it is a separate limited liability company that shields the owners from personal liability to its creditors. It is this function of limiting liability that makes the L.L.C. such an attractive option when setting up a business. "Where an individual creates a corporation as a means of carrying out his business purposes he may not ignore the existence of the corporation in order to avoid its disadvantages."[5] The Debtors have assumed the benefits of the L.L.C. structure and "cannot now ignore the existence of the L.L.C. in order to escape its disadvantages."[6]

Some courts have recognized that extending the stay to a nondebtor entity may be appropriate in unusual circumstances.[7] The Fourth Circuit holds that an extension is appropriate when there is "such identity between the debtor and the third-party defendant that the debtor may be said to be the real-party defendant and that a judgment against the third-party defendant will

---

[3] *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).
[4] *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007).
[5] *Terry v. Yancey,* 344 F.2d 789, 790 (4th Cir. 1965).
[6] *Kreisler*, 478 F.3d at 214.
[7] *Piccinin*, 788 F.2d at 999.

3

in effect be a judgment or finding against the debtor."[8] Such an identity does not exist in the present case, and the Debtors did not guarantee the company's debt. A judgment against Biorge Excavating imposes no obligation or liability on the Debtors.[9]

Although the automatic stay does not apply to Biorge Excavating, the Court also addresses the possibility of granting a temporary injunction against Shorty's Paving, enjoining it from continuing with its suit against the company. "Section 105(a) has been widely utilized in attempts to enjoin court proceedings against nondebtor parties that allegedly will have an impact on the debtor's bankruptcy case."[10] The Debtors claim that continuation of the trial against Biorge Excavating will greatly hinder their ability to reorganize under Chapter 13, but they have not formally sought an injunction although the Motion prays for "an order specifically imposing the automatic stay as to the pending litigation in Second District Court." Courts are reluctant to grant such relief, and the Tenth Circuit has stated that, even if a temporary injunction is granted, the "stay may not be extended post-confirmation in the form of a permanent injunction that effectively relieves the nondebtor from its own liability to the creditor."[11] In short, the Bankruptcy Code's protections may be used temporarily and in limited extraordinary circumstances "to limit and simplify the legal entanglements of the debtor during development and evaluation of a reorganization plan."[12] But the Debtors had their plan confirmed on October 14, 2010 and do not qualify for this temporary protection of the reorganization process.

---

[8] *Id*.
[9] *Kreisler*, 478 F.3d at 213.
[10] *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 599 (10th Cir. 1990) (*citing* 2 COLLIER ON BANKRUPTCY ¶ 105-7(15th ed. 1990)).
[11] *Id.* at 601.
[12] *Id.* at 600.

4

### III. CONCLUSION

Biorge Excavating is not included in the Debtors' individual bankruptcy. The company is a separate entity and is, therefore, not afforded the automatic stay protection.[13] If Biorge Excavating seeks bankruptcy protection, it must file its own petition.[14] The Motion for Sanctions is denied, and the Court also declines the invitation to step beyond Tenth Circuit case law and grant a post-confirmation injunction in favor of Biorge Excavating.

---------------------------------------------END OF DOCUMENT---------------------------------------------



---

[13] *See In re Maldonado*, 2010 WL 2683147 at *3 (Bankr. D.P.R. July 2, 2010).
[14] *See In re Anderson*, 2010 WL 3941638 at *2 (Bankr. N.D. Ga. July 23, 2010).

\_\_\_\_\_ooo0ooo\_\_\_\_\_
**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

M. Darin Hammond
Dana T. Farmer
Smith Knowles, PC
4723 Harrison Blvd., Suite 200
Ogden, UT 84403
    *Counsel for Shorty's Paving, LLC*

Jeremy D. Eveland
Eveland & Associates, PLLC
8833 South Redwood Road, Suite C
West Jordan, UT 84088
    *Counsel for Debtors*

ORDER SIGNED